■ In the Matter of the Estate of MAY G. REED, Deceased. MURIEL G. CORNELL et al., Respondents; WILBERFORCE SULLY, JR., as Executor of MAY G. REED, Deceased, et al., Appellants.— In a proceeding to probate a will, the executor and certain of the legatees thereunder appeal from an order of the Surrogate's Court, Kings County, dated June 22, 1962, which, upon petitioners' application: (a) vacated a prior decree of said court, dated July 8, 1960, admitting the will to probate; (b) permitted the petitioners to become parties to the proceeding and to file objections to such probate; and (c) granted related relief. The application was made on the ground that the petitioners, who claimed to be the sole distributees of the decedent, had not been cited in the probate proceeding. Order affirmed, with $10 costs and disbursements to petitioners, payable out of the estate. No opinion. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of JOHN SANTINI, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review a determination of the respondent New York State Liquor Authority, made December 19, 1961, after a hearing, which suspended for a period of 10 days the petitioner's retail off-premises beer license on the ground that he had violated the statute (Alcoholic Beverage Control Law, § 65, subd. 1) by selling an alcoholic beverage to a "minor actually or apparently under the age of 18 years." By an order of the Supreme Court, Nassau County, made February 15, 1962, pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. No opinion. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.